**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| NATHAN DEVERON BRENNAN, | ) | |
| | ) | **CIVIL ACTION** |
| Petitioner. | ) | |
| v. | ) | **No. 15-3059-KHV** |
| | ) | |
| UNITED STATES OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Petitioner is an inmate at the United States Penitentiary in Leavenworth, Kansas, scheduled for release on February 27, 2021.  He initiated this action by filing a pro se <u>Civil Complaint</u> (Doc. #1), asserting jurisdiction under 28. U. S. C. § 2241 and 28 U.S. C. § 1331.[1] Based upon the content of petitioner's civil complaint, the clerk docketed this matter as a habeas corpus petition and, on March 23, 2015, issued a <u>Notice of Deficiency</u> (Doc. #2) which informed petitioner that his pleading must be submitted on court-approved habeas forms and that he must pay the $5.00 filing fee.[2]  In response, on April 13, 2015, petitioner submitted a habeas corpus petition on a Section 2241 form and a <u>Motion for Leave to Proceed In Forma Pauperis</u> (Doc.

_____

[1]   Petitioner must pay a $400.00 filing fee for filing a civil complaint because he is a three-strikes litigant under 28 U. S. C. § 1915(g), and his claim cannot be read as one of imminent physical danger.  See <u>Brennan v. United States</u>, Case No. 14-3133-RDR (D.Kan. Jan. 29, 2015); <u>Brennan v. Department of Justice</u>, Case 1:14-mc-00954 (D.D.C. Aug 26, 2014)(Doc#1).  Thus, any claims that are appropriately litigated in a civil rights complaint require payment of the full filing fee.

[2]   D.Kan. Rule 9.1(a) requires that a habeas petition be submitted on court-approved forms.  See also Rule 2 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254 ("HC Rules") (petition must "substantially follow either the form appended to these rules" or "a form prescribed by a local district-court rule.").

#4).[3]  Petitioner did not complete the Section 2241 form, but merely incorporated material from his civil complaint.  His habeas petition stated no supporting facts.[4]  Thus, petitioner failed to cure the deficiency that his claims were not properly presented in a habeas corpus petition.

Petitioner claims that respondents denied him due process in prison disciplinary proceedings which found him guilty of escape from custody.  He asks the Court to order respondents to expunge the underlying incident report, vacate the sanctions and restore forfeited good time credits and privileges.  The Court finds that petitioner's requests for relief under Section 2241 must be dismissed for reasons that follow.

**Background Facts**

The pleadings and attached exhibits evidence the following facts:

On September 24, 2012, an Incident Report ("IR") at the Federal Correctional Institution in Miami, Florida, charged petitioner with Escape from Secure Institution (Code 102A).  Incident Report (Doc. #1-1) at 1.  The IR charged that petitioner was missing from his cell during count at around 10:00 p.m. on the night of September 23, 2012, and that he was "discovered on top of the Facilities building" around 4:30 a.m. the next morning.  Id.  According to the IR, "Brennan admitted to attempting to escape."  Id.  Prison officials escorted him off the roof and took him to the Special Housing Unit ("SHU").  The IR states that J. Garcia delivered the IR to petitioner at

---

[3]  The Court denies petitioner's motion for leave to proceed in forma pauperis.  Petitioner presents a financial document entitled "Inmate Inquiry" which shows a prison account balance of $5.31 (Doc. #4-1).  It is not certified, as HC Rule 3 requires.  In addition, while this case was pending, petitioner had sufficient funds to pay the $5.00 filing fee in this case.  See Brennan v. United States, Case No. 15-3254-JWL (Dec. 3, 2015)(Doc. #5-1).  Petitioner has not paid the $5.00 filing in this case or Judge Lungstrum's Case No. 15-3254.

[4]  A habeas petition is required to state all grounds, facts in support and claims for relief.  See HC Rule 2(c).  As Ground One in his habeas petition, petitioner states that "the grounds for relief" are described in his civil complaint and include lack of advanced written notice of disciplinary proceedings.  As Ground Two, he refers to his civil complaint for "specific grounds."  The civil complaint makes numerous allegations that the habeas petition does not incorporate.

9:20 a.m. on September 25, 2012, id., but petitioner claims that Counselor Suarez and Lieutenant Garcia delivered it to him on May 14, 2014 and that "moments later," the Unit Discipline Committee ("UDC") commenced its review of the charges.

The IR indicates that the BOP began its investigation at 10:20 a.m. on May 14, 2014, more than 19 months after petitioner's escape.  At the UDC hearing, petitioner received advice on his rights and stated that he fully understood them.  He accepted a copy of the IR, which officials also read to him.  *Id* at 2.  Petitioner did not request witnesses, had no comments and remained in SHU pending disposition of the IR.  Id.  At 10:30 a.m. on May 14, 2014, the UDC referred the charges to the Disciplinary Hearing Officer ("DHO") for further hearing.  Id. at 1.

The DHO conducted a hearing the following day, at around 9:00 a.m.  The DHO Report dated May 16, 2014 stated that Garcia had given petitioner a copy of the IR on September 25, 2012 and that petitioner had ample time to prepare a defense.  It stated that Suarez advised petitioner of his rights before the DHO and that petitioner waived his right to staff representation. At the hearing, petitioner stated that he had received the IR, was ready to proceed and understood his rights before the DHO.  Petitioner, whose criminal case was on appeal, declined to make a statement.  Other than the IR and investigation, none of the parties presented documentary evidence.  Id. at 4-5.  Based on the reporting officer's account, petitioner's admission on September 23, 2012, and the fact that staff found him on top of a building at 4:30 a.m. with a homemade rope and grappling hook, the DHO concluded that petitioner had committed the act charged.  Id.  Petitioner received the following disciplinary sanctions: segregation for 60 days, forfeiture of 40 days of good time credit, forfeiture of 432 days good conduct credit, and loss of phone, visitation and email privileges for two years.  Id.  In its holding, the DHO explained that

the BOP had suspended the IR on September 24, 2012, pending criminal prosecution, and released the IR for administrative processing on May 13, 2014.  Id.

Petitioner submitted a Regional Appeal requesting that "the incident report be investigated and the charges expunged."  Id. at 6.  The Director construed petitioner's claim as one that the BOP sanctioned him "outside the deadline" and that the UDC hearing was untimely. The Director concluded, however, that "the DHO substantially complied with Bureau regulations, based the decision on the greater weight of the evidence, and imposed appropriate sanctions."[5]  Petitioner appealed to General Counsel for the BOP.  He did not receive a timely response and he filed this action nine months ago, on March 23, 2015.[6]

### Standards

To obtain habeas relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S. C. § 2241(c)(3).  Challenges to prison disciplinary proceedings that resulted in forfeiture of good time credits are habeas corpus claims for which the exclusive remedy is a petition for writ of habeas corpus.[7]  Preiser v. Rodriguez , 411 U.S. 475, 478 (1973); Abdulhaseeb v. Ward, 173 Fed. App'x 658, 659 n.1 (10th Cir. 2006)(petitions under Section 2241 attack execution of sentence, including deprivation of

---

[5]     Specifically, the Director reasoned that while the UDC will "ordinarily" review the incident report within five work days after it is issued, review may be suspended if it is being investigated for possible prosecution.  Program Statement 5207.09, Inmate Discipline, Chapter 4(c) Timing.  He noted that the time line commences when the incident report is released from the outside agency for administrative processing.  Here, the BOP suspended the IR on September 24, 2012, pending criminal prosecution of petitioner.  It released the IR for administrative resolution on May 14, 2014, and UDC review occurred that same day.

[6]  Under 28 C.F.R. § 542.18, the final administrative appeal is to General Counsel.  If the inmate does not receive a response within 40 calendar days plus any extensions, "the inmate may consider the absence of a response to be a denial at that level."

[7]     Challenges to disciplinary proceedings that result in nothing more than withdrawal of privileges are not habeas corpus claims because the length of the inmate's sentence is not impacted.  Wolff, 418 U.S. at 554.

good time credits and other prison disciplinary matters)(citing see McIntosh v. United States Parole Com'n, 115 F.3d 809, 811 (10th Cir. 1997); Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987) (if petitioner shows due process rights violated in disciplinary proceedings, Section 2241 appropriate remedy for restoration of good time credits).

HC Rule 4 requires the assigned judge to sua sponte dismiss a habeas petition without ordering a responsive pleading if it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief.  Id.; Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994).  In Mayle, the Supreme Court explained the pleading and summary dismissal requirements under HC Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and state the facts supporting each ground."  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S. C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient for the petition is expected to state facts that point to a real possibility of constitutional error." . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the respondent should be ordered to "show cause" why the writ should not be granted."  28 U.S. C. § 2243.

Mayle, 545 U.S. at 655.

BOP regulations governing the Inmate Discipline Program are codified at 28 CFR § 541.3 et seq.  In particular, Section 541.5(b) provides that after an inmate receives an IR, a Bureau staff member will investigate it and "specifically inform" the inmate of any charge against him.  It provides, however, that if the incident is being investigated for possible criminal prosecution, the staff investigation may be suspended before the inmate's statement is requested. 28 C.F.R. § 541.5(b)(2).  Section 541.7 provides that the UDC will review the incident report

5

once the staff investigation is complete.  Subsection (c) provides that the UDC will "ordinarily" review the IR within five work days but that UDC review may be suspended when the incident is being investigated for possible criminal prosecution.  Id.  Section 541.8(c) governs timing of the DHO hearing and provides that while this requirement may be waived, the inmate will receive written notice of any charge at least 24 hours before the DHO hearing.

Prison regulations are "primarily designed to guide correctional officials in the administration of a prison."  Sandin v. Conner, 515 U.S. 472, 481-82 (1995).  Failure to adhere to administrative regulations does not necessarily constitute a constitutional violation.  See Hovater v. Robinson, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993)(citing Davis v. Scherer, 468 U.S. 183, 194 (1984)); Diaz v. McGuire, 154 Fed. App'x 81, 84-85 (10th Cir. 2005).

Exhaustion is a prerequisite to relief under Section 2241.  Pinson v. Berkebile, 528 Fed. App'x 822, 825 (10th Cir. 2013)(citing Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010)). Exhaustion is required for three reasons: (1) to allow the BOP to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the BOP to grant the relief requested, which conserves judicial resources; and (3) to provide the BOP the opportunity to correct its own errors, which "fosters administrative autonomy."  See Moscato v. Federal BOP, 98 F.3d 757, 761-62 (3rd Cir. 1996).  To fully exhaust, petitioner must raise claims on administrative appeal that are identical to those presented in the habeas petition.

Due process requires procedural protections before an inmate can be deprived of a protected liberty interest in earned good time credits.  Abdulhaseeb, 173 Fed. App'x at 661 (citing Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996)); Brown, 828 F.2d at 1494. Because prison disciplinary proceedings take place in a "closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully

incarcerated for doing so," the full panoply of rights due at a criminal trial do not apply.

Abdulhaseeb, 173 Fed. App'x at 661 (citing Wolff, 418 U.S. at 539, 556, 561).  In Abdulhaseeb,

the Tenth Circuit further explained, as follows:

> To satisfy due process in a prison disciplinary proceeding under Wolff, 'the inmate must receive :  (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'

Id. (citing Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 455, 454 (1985)).  When

some evidence supports the decision to revoke good time credits, the requirements of procedural

due process have been met.  Id.; Mitchell, 80 F.3d at 1445 (review of disciplinary proceeding

limited to whether BOP followed three steps mandated by Wolff and whether some evidence

supported discipline.).   Ascertaining whether this standard is satisfied does not require

examination of the entire record, independent assessment of the credibility of the witnesses or

weighing the evidence; the relevant inquiry is whether any evidence could support the

disciplinary board conclusion.  Hill, 472 U.S. at 455-56.

### Discussion

Because petitioner has not cured deficiencies of which the Court notified him, the Court

could have required him to file an amended petition for relief under Section 2241 and provide

additional financial information.  In the interest of judicial economy, however, and because the

Tenth Circuit Court of Appeals has directed this Court to expeditiously resolve petitioner's

claims, the Court proceeds to a determination on the merits.[8]  In an effort to correctly ascertain

petitioner's claims under HC Rules 2 and 4 and resolve this matter, the Court has considered the

---

[8]   28 U.S.C. § 2243 provides that the district court in a habeas proceeding must (1) forthwith award the writ, (2) order respondent to show cause why the writ should not be granted, or (3) deny the petition when "it appears from the application that the applicant or person detained is not entitled" to relief.

civil complaint, the habeas petition and all attached exhibits. For the following reasons, the Court concludes that petitioner's pleadings are subject to summary dismissal because they fail to establish exhaustion and identify facts that point to a real possibility of constitutional error.

### A. Failure to Exhaust Administrative Remedies

While petitioner filed administrative appeals to challenge his disciplinary proceedings, he has not shown that his claims on appeal were identical to those presented in this action. See Tigert v. Higgins, 290 Fed. App'x 93, 100 (10th Cir. 2008). Petitioner has not provided a copy of his grievance or any appeals, or summarized their content. He only cites the response of the Director, which does not suggest that petitioner raised any claim of prejudice on account of inadequate notice of the DHO hearing in 2014.[9] More significantly, the record of the DHO hearing shows that petitioner made no comment and did not raise a single claim at his DHO hearing. Therefore, the DHO had no opportunity to address any claim that petitioner received inadequate notice and was unable to prepare a defense.

Since petitioner declined to raise any due process claims at his DHO hearing, he waived them. 28 C.F.R. § 542.15(b)(2) (inmate may not raise on appeal issues not raised in lower level filings). This action is subject to summary dismissal because petitioner failed to exhaust administrative remedies on his due process claims.

### B. Failure to State Due Process Claim

Based on its initial screening under HC Rules 2 and 4, the Court finds that petitioner's pleadings fail to state a valid claim for denial of due process. Petitioner alleges that he did not

---

[9] The Director's response does not refer to the following allegations in petitioner's civil complaint: a hearing was unexpectedly held two years after the incident, the administrative record is false and petitioner did not knowingly waive any rights and was not familiar with disciplinary procedures. These allegations are not included in petitioner's habeas petition, and exhaustion on these claims is not shown.

receive a copy of the IR until "literally moments before the UDC hearing on May 14, 2014."[10] As noted, in <u>Wolff</u>, the United States Supreme Court defined the process due in prison disciplinary hearings.  <u>Wolff</u> requires a DHO hearing, but it does not require a preliminary UDC hearing.  Therefore, the allegation that a UDC hearing was untimely does not state a federal due process claim.  BOP regulations provide a UDC hearing within a specific time frame, but failure to adhere to prison regulations is not necessarily a constitutional violation.  Thus even if petitioner proved that he did not receive notice of the UDC hearing within the time provided in the regulation, he fails to show a violation of due process under <u>Wolff</u>.  <u>See Brown v. Rios</u>, 196 Fed. App'x 681, 683 (10th Cir. 2006).

Petitioner's allegation that he first received a copy of the IR less than 24 hours before his DHO hearing fails to state a due process violation.  Petitioner alleged that the Director on administrative appeal "attempted to clean this up" by stating that petitioner had received official notice of the charges at the time of the incident on September 24, 2012.  <u>Wolff</u> requires that an inmate receive written notice of the disciplinary charges against him.[11]  <u>See Tigert</u>, 290 Fed. App'x at 100 (function of notice to give charged party chance to marshal facts in defense and clarify charges).  On its face, the IR states that petitioner received a copy of the IR on September 25, 2012 at 9:20 a.m.  Even if the BOP did not deliver it in 2012, petitioner admits that he received a copy the day before his DHO hearing in 2014.  <u>See Whitmore v. Parker</u>, 484

---

[10]  Petitioner's civil complaint generally cites <u>Wolff</u> as holding that due process required written notice no less than 24 hours prior to his appearance before the UDC.  As explained, however, due process does not require a certain amount of advance notice prior to a UDC hearing.

[11]  Constitutionally adequate due process at a prison disciplinary hearing does not require that an inmate be informed of every detail of the charges so that he can prepare what in his opinion is the best defense.  It only requires that he be informed of the charges to enable him to marshal the facts and prepare a defense.  <u>Wolff</u>, 418 U.S. at 564.

Fed. App'x 227, 235 (10th Cir. 2012) (record indicated that inmate had approximately 24 hours to prepare after receiving notice of charge). In either event, petitioner alleges no facts which suggest that the notice which he received was inadequate. The BOP caught petitioner red-handed in obvious escape attempt. The United States brought criminal charges under 18 U.S.C. § 751(a) and on January 3, 2014, petitioner pled guilty to attempted escape of prisoner from custody on September 23, 2012. United States v. Brennan, 12-cr-20909-KMW-1 (S.D. Fla.), Minute Entry of Acceptance of Plea (Doc. #67); Judgment (Doc. #84); Factual Proffer Agreement (Doc. #68).[12] He had more than a year before the DHO proceeding to marshal facts and formulate a defense. Petitioner's suggestion that the hearing blindsided him is completely conclusory. The IR plainly informed petitioner of the charge and described the underlying events in detail. Petitioner does not deny that he was caught trying to escape or that he admitted guilt upon capture. The BOP found him guilty of the prohibited conduct that it originally charged.

Even assuming that petitioner received notice only 22 ½ hours in advance of the DHO hearing, this allegation "does not necessarily imply the invalidity of the disciplinary conviction." Errors by prison officials in connection with disciplinary proceedings are subject

---

[12]   In the factual proffer agreement which petitioner signed, the parties agreed that had the case proceeded to trial, the government would have proven the following facts:

> On September 23, 2012, Brennan knowingly attempted to escape federal custody. . . . Brennan had the specific intent to escape . . . and took substantial steps to accomplish this goal. Brennan left his controlled housing area, without permission or authority. Brennan then climbed over and through three (3) secure fences, violating the rules and regulations of the Bureau of Prisons. Brennan climbed on top of an unauthorized building and planned to use a homemade grappling hook, lock, harness and twine to escape. . .

Id. at 1. Correctional staff searching the facility located Brennan on the roof top close to his escape paraphernalia. Following his arrest, Brennan waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and admitted that he planned and took substantial steps to execute his escape. Id. at 2.

to harmless error review.  Grossman v. Bruce, 447 F.3d 801, 805 (10th Cir. 2006).  Even if the BOP failed to serve the IR a full 24 hours before the hearing, petitioner does not describe any exculpatory testimony or documentary evidence that he could have presented at the DHO hearing if he had received two hours of additional notice, and he cites no evidence that conceivably could have changed the outcome of the DHO proceeding.  See Jordan v. Wiley, 411 Fed. App'x 201, 209-10 (10th Cir. 2011); Grossman, 447 F.3d at 805 (inmate cannot maintain due process claim unless missing evidence would have affected outcome of case); Powell v. Addison, 2014 WL 5147684 (W.D. Okla. 2014).

To find that revocation of petitioner's good time and good conduct credits comported with minimum requirements of procedural due process, the Court need only find "some" record evidence to support the hearing officer decision.  Terry v. Jones, 259 Fed. App'x 85, 86 (10th Cir. 2007), cert. denied, 554 U.S. 924 (2008)(citing Hill, 472 U.S. at 454).  The due process clause does not require courts to set aside decisions of prison administrators that have some basis in fact.  Id.  A decision to revoke good time credits would only violate due process if the record is devoid of evidence, providing no support for the disciplinary decision.  Id. (citing Hill, 472 U.S. at 457).  Here, the DHO decision is unquestionably supported by a great deal more than "some" evidence.

Petitioner received all process due under Wolff: notice, the opportunity to present evidence in his defense and a written statement of the decision.  In addition, overwhelming evidence supported the decision.  From the pleadings and attached exhibits, it plainly appears that petitioner is entitled to no relief.

**Other Filings**

On April 10, 2015, petitioner filed a <u>Request Not To Publish</u> (Doc. #6) any filing or decision in this case and to remove any matter that may have been already published. Petitioner filed a nearly identical motion in his prior action before the Honorable Richard D. Rogers, Case No. 14-3133. In that case, the Court informed petitioner that "to prevent public access to any of his filings, he must have filed a proper motion to seal prior to their submission." <u>Id.</u> (Doc. #17) at 2, n. 1. In this case, petitioner has not filed a motion to seal or provided any factual or legal basis for his request. This motion is frivolous and is denied.

On September 24, 2015, petitioner filed a motion <u>Motion for Expedited Consideration</u> (Doc. #12). This motion is now moot and is denied.

Petitioner has recently submitted eight additional filings. The Court has considered each and finds that no fact or argument is presented that supports a different result.[13]

IT IS HEREBY ORDERED that petitioner's <u>Motion to Proceed In Forma Pauperis</u> (Doc. #4) filed April 13, 2015 be and hereby is denied, and petitioner is ordered to immediately submit the $5.00 filing fee.

IT IS FURTHER ORDERED that petitioner's <u>Request Not To Publish</u> (Doc. #6) filed April 10, 2015 be and hereby is denied.

---

[13] Petitioner filed a <u>Supplement</u> (Doc. #15) and an <u>Amendment</u> (Doc. #19). In the Supplement he purports to "revise" his request for relief to immediate release. He merely repeats this request in his Amendment. Neither filing sets forth valid grounds for immediate release. In petitioner's <u>Declaration</u> (Doc. #21), he reargues his claims and improperly attempts to add allegations and claims without filing a complete Amended Petition. He also reiterates his general allegation that he exhausted, but still fails to demonstrate that he exhausted any claim other than those rejected by the Director on administrative appeal. Petitioner alleges as an additional claim that he has been deprived of contact with his family for more than three years and "made to suffer almost 12 times the actual sanctioned amount." He then alleges that five months remain under the sanctions. The Court has found that the disciplinary proceedings and resulting sanctions did not violate due process. Any claim that petitioner is being denied privileges beyond the sanctions imposed in the challenged proceedings is a complaint regarding the conditions of his confinement. As noted, petitioner is a three-strikes litigant.

IT IS FURTHER ORDERED that petitioner's <u>Motion for Expedited Consideration</u> (Doc. #12) filed September 24, 2015 be and hereby is denied.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.

Dated this 11th day of January 2016 at Kansas City Kansas.

<u>s/Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge